[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Joseph Combs, was convicted of receiving stolen property pursuant to R.C. 2913.51(A). The trial court sentenced him to serve twelve-months imprisonment. He has filed a timely appeal from that conviction and sentence, in which he presents three assignments of error for review.
In his first assignment of error, he contends that the state's evidence was insufficient to support the conviction. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Combs had received or retained the victim's automobile knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense. Consequently, the evidence was sufficient to support his conviction for receiving stolen property, and we overrule his first assignment of error. See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; Statev. James (Aug. 17, 2001), 1st Dist. No. C-010036.
In his second assignment of error, Combs argues that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost is way and created such a manifest miscarriage of justice that we must reverse Combs's conviction and order a new trial. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366,374, 590 N.E. 1272. Therefore, the conviction is not against the manifest weight of the evidence, and we overrule Combs's second assignment of error.
In his third assignment of error, Combs contends that the trial court erred in sentencing him to a twelve-month prison term without making the findings required by R.C. 2929.13(B). This court has held, however, that a court may sentence an offender to a prison term for a fourth-degree felony without finding the existence of one of the factors set forth in R.C. 2929.13(B)(1) as long as it finds that a prison term is consistent with the purposes and principles of sentencing and that the offender is not amenable to an available community-control sanction. State v. Brown,146 Ohio App.3d 654, 2001-Ohio-4266, 767 N.E.2d 1192, at ¶ 12-17. The trial court made those findings in this case.
Under the circumstances, we cannot say that the trial court's sentence was not supported by clear and convincing evidence or that it was contrary to law. Therefore, we will not disturb the sentence. See Brown,
supra, at ¶ 10; State v. Napier (Aug. 28, 1998), 1st Dist. No. C-970383. We overrule Combs's third assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.